UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,                                  Case No. 10-CR-207

    v.

JEREMIAH S. BERG,

        Defendant.

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

On June 30, 2011, a jury found Jeremiah S. Berg guilty of all counts in a 6 count Indictment charging him with both drug and firearm offenses. The convictions included Conspiracy to Distribute Marijuana, Possession of a Firearm During and in Relation to a Drug Offense, Felon in Possession of a Firearm, and three counts of Distribution of Cocaine. The applicable guideline range determined by the Court was 262 to 327 months. This guideline range resulted from a grouping of the offenses with the firearm offense controlling the highest adjusted offense level. Berg was sentenced to a total term of 240 months on May 4, 2012, and the Judgment was affirmed by the Court of Appeals in a Decision and Order dated April 9, 2013. A March 10, 2014 petition to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 was summarily denied on July 21, 2014, and both this court and the Court of Appeals denied a certificate of appealability. On March 14, 2016 he filed a motion for a sentence reduction pursuant to Amendment 782 of the United States Sentencing Guidelines, and that motion was denied on June 28, 2016 because he was not entitled to such relief. Berg again appealed, and on December 2, 2016, the Court of Appeals affirmed that

denial. Now before the court is Berg's current motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 599 of the United States Sentencing Guidelines.

The court again requested the Government respond to Berg's motion. As the Government explains in its response, Amendment 599 became effective November 1, 2000, long before Berg's conviction and sentence. *See* U.S.S.G., Appendix C, Vol. II, p. 69. Thus, by its terms, Section 3582(c)(2) does not authorize the court to consider a sentence reduction on that basis. Section 3582(c)(2) creates only "a narrow exception to the rule of finality . . . ." *Dillon v. United States*, 560 U.S. 817, 827 (2010). It does not apply to amendments to the Guidelines that were already in effect at the time of the defendant's sentencing. For this reason, Berg's motion for a sentence reduction pursuant to Section 3582(c)(2) is denied.

The court likewise lacks authority to reduce Berg's sentence under Rule 35 of the Federal Rules of Criminal Procedure. That Rule allows a reduction only on motion of the government brought within a year of sentencing. No such motion was brought in this case.

Finally, the same or similar issues were raised in Berg's previous motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. That petition was dismissed at the screening stage. *See Berg v. United States*, No. 14-258 ECF No. 5 (E.D. Wis. July 21, 2014), and both this court and the Court of Appeals denied Berg's request for a certificate of appealability. As a result, Berg is foreclosed from seeking relief via § 2255 unless he first seeks leave from the Court of Appeals. § 2255(h). No such leave has been sought or granted. It thus follows that Berg's motion must be and hereby is **DENIED.**

**SO ORDERED** at Green Bay, Wisconsin this 6th day of March, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
U.S. District Court - WIED